UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| WEST BAY ONE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA. _____ |
| ) | |
| JOYCE E. HANSEN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff West Bay One, Inc., by its attorneys, for its complaint against Defendant, alleges:

### JURISDICTION AND VENUE

1. This Complaint alleges copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

2. This Court has subject matter jurisdiction over these federal question claims pursuant to 17 U.S.C. §101 *et seq.* and 28 U.S.C. §§ 1331(a).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. §1400(a). On information and belief, the Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because the Defendant, without consent or permission of the Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the Plaintiff has exclusive rights in this District. In addition, West Bay One, Inc. regularly transacts business and has distributed its infringing novel within this District.

## PARTIES

1. Plaintiff West Bay One, Inc. is a Florida Corporation with its principal place of business at 601 Cleveland Street, Suite 930, Clearwater, FL 33755.

2. On information and belief, Defendant Joyce E. Hansen is, and at all relevant times was, a natural person and resident of West St. Paul, Minnesota, specifically residing at 1245 Hall Avenue, West St. Paul, Minnesota 55118-2242.

## COUNT I
### (Copyright Infringement – 17 U.S.C. §§ 101 et seq.)

3. Plaintiff is responsible for the creation, development, and production of the commercially released motion picture titled *The Steam Experiment*, a/k/a *The Chaos Experiment* that has significant value and has been produced and created at considerable expense.

4. At all relevant times the Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, for certain copyrighted motion pictures, including but not limited to the copyrighted motion picture *The Steam Experiment*, a/k/a *The Chaos Experiment* (collectively, including derivative works, the "Copyrighted Motion Picture"). The Copyrighted Motion Picture is the subject of valid Certificate of Copyright Registrations, including without limitation # PA 1-657-673, issued by the Register of Copyrights.

5. The Copyrighted Motion Picture contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

6. The Plaintiff is informed and believes that the Defendant, without the permission or consent of the Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture. Specifically on or about January 2, 2010, Defendant, without

permission, intentionally, willfully and maliciously downloaded the Copyrighted Motion Picture. In doing so, the Defendant has violated the Plaintiff's exclusive rights of reproduction and distribution. The Defendant's actions constitute infringement of the Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

7. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

8. As a result of the Defendant's infringement of the Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

9. The conduct of the Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting the Defendant from further infringing the Plaintiff's copyright and ordering that the Defendant destroy all copies of Copyrighted Motion Picture made in violation of the Plaintiff's copyrights.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendant as follows:

1. For entry of preliminary and permanent injunctions providing that the Defendant shall be enjoined from directly or indirectly infringing the Plaintiff's rights in the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by the Plaintiff ("the Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy the Plaintiff's Motion Pictures, to distribute the Plaintiff's Motion Pictures, or to make the Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of the Plaintiff.

Defendant also shall destroy all copies of the Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without the Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in the Defendant's possession, custody, or control.

2. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, but in no event less than $30,000 per infringement and up to $150,000 per infringement should the Court find any infringement to be willful or intentional, at the election of the Plaintiff.

3. For the Plaintiff's costs.

4. For the Plaintiff's reasonable attorneys' fees.

5. For such other and further relief as the Court deems proper.

Respectfully Submitted,
West Bay One, Inc.

DATED: 1/18/2011

Troy A. Poetz - 318267
Matthew W. Moehrle – 034767X
RAJKOWSKI HANSMEIER, LTD.
11 Seventh Avenue North
P.O. Box 1433
St. Cloud, Minnesota 56302
Telephone: (320) 251-1055
*Co-Counsel for the Plaintiff*

Thomas M. Dunlap, Not Admitted
Nicholas A. Kurtz, Not Admitted
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com / nkurtz@dglegal.com
*Co-Counsel for the Plaintiff*